UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RENEE D., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. C20-1179-MLP <br><br> ORDER |

## I.   INTRODUCTION

Plaintiff seeks review of the denial of her application for Supplemental Security Income. Plaintiff contends the administrative law judge ("ALJ") erred by finding Plaintiff's sinusitis not severe at step two, by improperly evaluating medical evidence, and by discounting Plaintiff's testimony and lay witness testimony. (Dkt. # 10.) As discussed below, the Court REVERSES the Commissioner's final decision and REMANDS the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## II.   BACKGROUND

Plaintiff was born in 1964 and previously owned a business breeding and selling pedigreed dogs. AR at 30. Plaintiff applied for benefits in October 2016, alleging disability as of June 6, 2016. *Id.* at 16. Plaintiff's application was denied initially and on reconsideration. The

ORDER - 1

1  ALJ held a hearing in June 2019, taking testimony from Plaintiff and a vocational expert. *See id.*
2  at 48-78. In July 2019, the ALJ issued a decision finding Plaintiff not disabled prior to March 31,
3  2019, and disabled beginning on March 31, 2019. *Id.* at 12-40. In relevant part, the ALJ found
4  Plaintiff's severe impairments of lumbar degenerative disc disease, interstitial cystitis, chronic
5  obstructive pulmonary disease (COPD), affective disorder, and anxiety disorder limited her to
6  light work subject to a series of further limitations. *Id.* at 18, 21-22. Based on vocational expert
7  testimony the ALJ found Plaintiff could perform light jobs found in significant numbers in the
8  national economy. *Id.* at 31-32. Plaintiff appealed this final decision of the Commissioner to this
9  Court. (Dkt. # 1-2.)

### III.  LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may

neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## IV.     DISCUSSION

### A.     The ALJ Did Not Err in Excluding Sinusitis as a Severe Impairment at Step Two

At step two, a claimant must make a threshold showing that her medically determinable impairments significantly limit her ability to perform basic work activities. *See Bowen v. Yuckert*, 482 U.S. 137, 145 (1987); 20 C.F.R. § 404.1520(c). To establish a severe impairment at step two, the condition "must result from anatomical, physiological, or psychological abnormalities that can be shown by medically acceptable clinical and laboratory diagnostic techniques. Therefore, a physical or mental impairment must be established by objective medical evidence from an acceptable medical source." 20 C.F.R. § 404.1521. Plaintiff carries the burden of proving an impairment is disabling; a statement of symptoms is insufficient. *Miller v. Heckler*, 770 F.2d 845, 849 (9th Cir. 1985).

Plaintiff argues the ALJ erred at step two by not finding sinusitis a severe impairment. However, Plaintiff concedes that this error "would not have been harmful, in itself, had the ALJ considered the impact of this impairment in the later stages of the sequential evaluation process." (Dkt. # 10 at 4.) Plaintiff argues that if her sinusitis disorder had been found severe at step two, the ALJ would have included additional restrictions in the RFC assessment, and thus the error is harmful. It does not logically follow, however, that a finding of severity would lead to the inclusion of additional RFC restrictions. *See Bray v. Comm'r of Social Sec. Admin.*, 554 F.3d 1219, 1228-29 (9th Cir. 2009) ("[Plaintiff] posits that a severe impairment, by definition, inhibits a claimant from engaging in "basic work activities," and the ALJ's statement of her RFC does

not capture that limitation. [Plaintiff] offers no authority to support the proposition that a severe mental impairment must correspond to limitations on a claimant's ability to perform basic work activities."); *Buck v. Berryhill*, 869 F.3d 1040, 1048–49 (9th Cir. 2017) ("[Step two] is not meant to identify the impairments that should be taken into account when determining the RFC. In fact, in assessing RFC, the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not severe. The RFC therefore *should* be exactly the same regardless of whether certain impairments are considered severe or not.") (cleaned up).

Here, at step two, the ALJ found "the record does evidence a history of chronic sinusitis." AR at 19. In assessing the degree of the impairment, however, the ALJ pointed to diagnostic and clinical evidence that support her finding that the impairment was not severe. The ALJ cited a 2017 CT scan and a 2018 MRI showing, respectively, benign and mild findings. *Id*. The ALJ also pointed to a 2018 audiology workup that indicated hearing "within normal limits and excellent word recognition." *Id*. The ALJ found "[t]he record does not evidence other limitations related to or arising directly as a result of her sinus condition, and progress notes indicate the claimant's symptoms were intermittent." *Id*. Substantial evidence thus supports the ALJ's finding that sinusitis did not significantly limit Plaintiff's ability to perform basic work activities.

Moreover, the ALJ addressed Plaintiff's sinus impairment at step four. *See* AR at 23 ("The bulk of her medical visits in the record were for other complaints, primarily sinus complaints); *id.* ("At an earlier appointment in November 2018, Dr. Olson indicated stable pain management, with the worst of claimant's pain coming from sinus disease."); *id.* at 24 ("CT workups of the head … were normal."); *id.* at 26 ("When seen by a headache specialist in October 2017, the claimant appeared awake, alert, and fully oriented, 'very pleasant' and cooperative, with normal mood and effect, normal speech, and intact recent and remote memory,

attention, language, and fund of knowledge."). Because the ALJ discussed Plaintiff's sinus conditions and properly weighed its impact in determining Plaintiff's RFC, any error at step two would have been harmless. *See Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007) (the failure to address an impairment at step two is harmless if the RFC discussed it at step four).

The Court accordingly concludes the ALJ did not harmfully err at step two and affirms the ALJ's determination.

**B.      The ALJ Erred in Evaluating the Medical Evidence**

A treating doctor's opinion is generally entitled to greater weight than an examining doctor's opinion, and an examining doctor's opinion is entitled to greater weight than a non-examining doctor's opinion. *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). An ALJ may only reject the contradicted opinion of a treating or examining doctor by giving "specific and legitimate" reasons. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017). Plaintiff argues the ALJ misevaluated medical opinions regarding her mental impairments.

*1.      The ALJ Did Not Err by Discounting the Opinion of Examining Psychologist Margaret Cunningham, Ph.D.*

Dr. Cunningham provided a psychological evaluation for Plaintiff on September 11, 2017. AR at 29, 543-52. The ALJ gave little weight to Dr. Cunningham's opinion that Plaintiff had "marked limitations in most workplace mental activities, including attendance and completion of a normal workday without psychological disruptions." AR at 29. The ALJ found Dr. Cunningham's "largely abnormal findings, from a single encounter in the context of a benefits qualification, was [sic] inconsistent with other findings in the record, including the wholly normal mental-status findings by a headache specialist who treated the claimant." *Id.* The ALJ found that Dr. Cunningham "relied on the claimant's subjective reports as to symptoms and their severity," which the ALJ found "not fully reliable." *Id*. The ALJ also found that "in her

interview with Dr. Cunningham, the claimant endorsed having auditory hallucinations and obsessive paranoid thoughts, yet such symptoms appear nowhere in mental-health counseling notes . . . The incongruity of her reports of hallucinations suggest the claimant has magnified her symptoms." *Id*.

As an initial matter, Plaintiff argues the ALJ erred by failing to provide "clear and convincing" reasons for discounting Dr. Cunningham's opinion. (Dkt. # 10 at 6.) However, because Dr. Cunningham's opinion was contradicted by the opinions of the non-examining psychologists, the ALJ was required to provide "specific and legitimate" reasons for discounting Dr. Cunningham's opinion. *Revels*, 874 874 F.3d at 654.

Plaintiff challenges the ALJ's treatment of Dr. Cunningham's opinion on three grounds. First, Plaintiff argues the headache specialist cited by the ALJ, Natalia Murinova, M.D., "was not evaluating Plaintiff's mental health and did not complete a formal mental status examination. Tangential observations from a source who was not evaluating the relevant impairment do not serve as substantial evidence in support of the ALJ's weighing of Dr. Cunningham's opinion." (Dkt. # 10 at 7.) On the contrary, notes prepared by Dr. Murinova, following Plaintiff's visit on October 13, 2017, indicate she assessed Plaintiff for depression, AR at 623 ("PHQ-4 score is 8"); evaluated Plaintiff's mental status, *id.* at 624 ("Normal orientation, recent and remote memory, attention, concentration, language, and fund of knowledge."); and observed her "psychiatric" disposition, *id.* ("normal mood and affect"). Dr. Murinova also noted Plaintiff endorsed an "[a]nxious mood." *Id*. at 623. Further, Plaintiff's proposition regarding "tangential observations" is neither rooted in case law nor supported by the record.

Second, Plaintiff argues Dr. Cunningham's opinion "was based on her own observations and the results of the anxiety and depression inventories, in addition to considering Plaintiff's

ORDER - 6

reports." (Dkt. # 10 at 8.) Plaintiff asserts "[t]he record demonstrates that Dr. Cunningham did not blindly accept Plaintiff's reports." (*Id*.) However, Plaintiff fails to cite to any portion of the record that supports her claim. Plaintiff bears the burden of showing the ALJ harmfully erred. *See Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). Here, Plaintiff's argument is nothing more than a conclusory statement, made without elaboration, explanation, or citation to supportive evidence. Plaintiff thus falls far short of meeting her burden to show the ALJ harmfully erred.

Finally, Plaintiff argues the ALJ erred in "focusing on Plaintiff's reports of hallucinations as a basis for rejecting Dr. Cunningham's conclusions." (Dkt. # 10 at 8.) Plaintiff asserts that "Dr. Cunningham did not place more significance on Plaintiff's report of hallucinations than on the testing she had performed or her own observations" and that the "ALJ's finding that Plaintiff was exaggerating her complaints was not supported by the evidence in the record as a whole." (*Id*.) Even if both statements were true, Plaintiff still fails to identify harmful error. The ALJ properly discounted Dr. Cunningham's opinion as "inconsistent with the record as a whole." AR at 29. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) ("incongruity" between a doctor's opinion and medical records may suffice as a specific and legitimate reason for rejecting that opinion); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004) (ALJ may reject opinion that is "unsupported by the record as a whole"). The Court accordingly affirms the ALJ's treatment of Dr. Cunningham's opinion.

> 2.  *The ALJ Erred in Declining to Weigh the Opinion of Examining Psychologist Jenna Yun, Ph.D.*

Dr. Yun evaluated Plaintiff in October 2015 and assessed limitations not incorporated in the RFC. *See* AR at 397-402. Plaintiff argues the ALJ erroneously failed to consider Dr. Yun's opinion. (Dkt. # 10 at 5-6.) The Commissioner concedes the ALJ declined to weigh Dr. Yun's

ORDER - 7

opinion, but contends any error was harmless. (Dkt. # 11 at 7-8.) The Court disagrees. "[W]here the circumstances of the case show a substantial likelihood of prejudice, remand is appropriate so that the agency can decide whether re-consideration is necessary. By contrast, where harmlessness is clear and not a borderline question, remand for reconsideration is not appropriate." *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015). Here, the ALJ's failure to discuss and thus consider Dr. Yun's opinion raises a substantial likelihood of prejudice. If the ALJ had assessed all of the doctor's opinions regarding the severity of Plaintiff's limitations, and if the ALJ decided to adopt them, then the ALJ would have arrived at a different RFC and a different conclusion about the disability claim. Remand is thus necessary to permit the ALJ to meaningfully consider Dr. Yun's opinions.

        *3.        The ALJ Erred by Accepting the Opinions of Non-Examining Psychologists Thomas Clifford, Ph.D. and Jerry Gardner, Ph.D.*

The ALJ gave "significant weight" to the 2016-2017 State agency mental assessments compiled by Drs. Clifford and Gardner. AR at 29. The ALJ found both doctors "concurred in opining that the claimant could perform simple routine tasks in two-hour increments (*i.e.*, with normal breaks) and could have superficial contact with coworkers but should not work with the public." *Id*. The ALJ found their opinions "generally consistent with the record as a whole." *Id*.

Plaintiff argues the ALJ erroneously gave greater weight to these non-examining sources, contending that they insufficiently explained their disagreement with Dr. Yun and that they did not "have the opportunity to consider" Dr. Cunningham's opinion. (Dkt. # 10 at 9.) Because the ALJ improperly disregarded Dr. Yun's opinion, the Court concludes the ALJ erred in giving weight to the opinions of the non-examining sources.

### C. The ALJ Did Not Err by Discounting Plaintiff's Testimony

Where, as here, an ALJ determines a claimant has presented objective medical evidence establishing underlying impairments that could cause the symptoms alleged, and there is no affirmative evidence of malingering, the ALJ can only discount the claimant's testimony as to symptom severity by providing "specific, clear, and convincing" reasons supported by substantial evidence. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). Plaintiff argues the ALJ erroneously discounted Plaintiff's testimony concerning the severity of her mental impairments. (Dkt. # 10 at 10.)

The ALJ indicated Plaintiff testified "she rarely left the house or engaged in activities. She indicated that she would go outside to sit on the porch and watch hummingbirds, which she considered to be her 'real friends.' She said that because of her anxiety and agoraphobia, she did not drive and relied on her parents, who live down the road from her, to take her to appointments. She stated that her anxiety had worsened with age, and people make her nervous." AR at 22.

The ALJ discounted Plaintiff's testimony concerning the severity of her mental impairment on multiple grounds, at least one of which was legally sufficient. The ALJ found Plaintiff made inconsistent statements concerning the closure of her dog breeding business. AR at 27. The ALJ found that while Plaintiff "testified that she stopped working as a dog breeder because of her impairments," she reported in a 2013 mental evaluation "that she lost her business as a result of financial losses from identity theft." *Id*. Plaintiff argues the ALJ mischaracterized her testimony, contending she "did not testify that she had stopped working due to her impairments." (Dkt. # 10 at 15.) However, after Plaintiff testified that "the last adoptions were in '08, honestly the end of '08," Plaintiff's attorney asked: "And that was because – I imagine, I

ORDER - 9

don't know, but I imagine that it's physically taxing work, because you're dealing with little puppies." AR at 56. Plaintiff testified in response, "Yeah." *Id*. Plaintiff's attorney later asked: "So, would you say that it was mostly your back that was causing you problems and, and causing you to be unable to do that work?" *Id.* at 56-57. Plaintiff testified, "I'd say my back had a lot to do with it; but then, the fibromyalgia and the nerve issues in my legs didn't help much either[.]" *Id*. at 57. As the ALJ found, Plaintiff's testimony is thus inconsistent with what she reported to Dr. Geordie Knapp, Psy.D., who conducted a State mental examination on December 26, 2013. *Id*. at 532. Dr. Knapp indicated that Plaintiff reported "[a] few years ago her identity was stolen. As a result she lost her business and everything she owned." *Id*. The ALJ therefore reasonably discounted Plaintiff's testimony on this ground. *See Bruton v. Massanari*, 268 F.3d 824, 828 (9th Cir. 2001) (specific, cogent reason for disregarding testimony included inconsistent statements as to why claimant left job).

The ALJ also discounted Plaintiff's testimony on the grounds she received minimal treatment and improved with treatment; made other inconsistent statements; and engaged in activities inconsistent with her symptoms. AR at 26-27. Even assuming the ALJ erred in doing so, the error would be harmless because the ALJ gave legally sufficient reasons for discounting her testimony, as described above. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008). The Court accordingly affirms the ALJ's discounting of Plaintiff's testimony.

**D.  The ALJ Did Not Err by Discounting the Lay Witness Testimony**

An ALJ may discount lay witness testimony by giving a germane reason. *Diedrich v. Berryhill*, 874 F.3d 634, 640 (9th Cir. 2017). Plaintiff's mother submitted a third-party function report. The ALJ gave Plaintiff's mother's statements "some weight," finding that she made

statements "echoing the claimant's subjective reports of pain and mental symptoms" and that "the record as a whole – including objective findings, evidence of symptom magnification, and evidence of stable pain management" did not warrant "greater limitations." AR at 30. Plaintiff argues the ALJ erred in discounting Plaintiff's mother's statements. (Dkt. # 10 at 17.) However, where an ALJ has provided a clear and convincing reason for finding a claimant not fully credible, that reason is a germane reason for rejecting similar lay witness testimony. *See Molina*, 674 F.3d at 1122 (ALJ did not err in rejecting lay witness testimony that "did not describe any limitations beyond those [plaintiff] herself described"); *Valentine v. Comm'r, Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009). Because Plaintiff's mother's statements mirrored Plaintiff's, the ALJ did not err in discounting Plaintiff's mother's testimony.

## V. CONCLUSION

For the foregoing reasons, the Commissioner's final decision is REVERSED, and this case is REMANDED for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ should reevaluate the medical evidence.

Dated this 2nd day of March, 2021.

MICHELLE L. PETERSON
United States Magistrate Judge